**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 1:16-CR-00016-2-MAC** |
| § | |
| § | |
| **KENDERRICK DEMONE GREER** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed November 1, 2022, alleging that the Defendant, Kenderrick Demone Greer, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Kenderrick Demone Greer was sentenced on August 26, 2016, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Bank Robbery by Force or Violence, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of VI, was 140 to 175 months. Kenderrick Demone Greer was subsequently sentenced to 72 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: financial

disclosure; testing and treatment for drug abuse; credit and gambling restrictions; mental health treatment; restitution of $9,150.70; and a $100 special assessment.

## II. The Period of Supervision

On March 18, 2021, Greer completed his period of imprisonment and began service of the supervision term. On July 12, 2021, the conditions of supervision were modified, with Greer's consent, to include residing in a residential reentry center or similar facility in a prerelease component for an additional period of 180 days, to commence immediately upon completion of the previously ordered placement.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that Greer violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

Allegation 3. That the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Allegation 4. The defendant shall notify the probation officer ten days prior to any change of residence or employment.

Allegation 5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

Allegation 6. The Defendant reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately upon completion of a previously ordered 120-day placement in a residential reentry center, and you must observe the rules and regulations of the center.

## IV. Proceedings

On December 4, 2023, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the third allegation that claimed he failed to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. In return, the parties agreed that he should serve a term of 18 months' imprisonment, which includes 105 days' unserved community confinement, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As of September 30, 2021, Greer had 105 days of unserved community confinement. In addition, he has a remaining restitution balance of $6,720.78.

According to U.S.S.G. § 7B1.4, application note 2, a departure from the applicable range of imprisonment in the Revocation Table may be warranted when the court departed from the applicable range for reasons set forth in 4A1.3 (Adequacy of Criminal History Category) in originally imposing the sentence that resulted in supervision. Additionally, an upward departure may be warranted when a defendant, subsequent to the federal sentence resulting in supervision, has been sentenced for an offense that is not the basis of the violation proceeding. Here, the parties have agreed to an upward departure of 18 months' imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's agreed upon revocation sentence shall run consecutively to the term of imprisonment imposed in the 351st District Court, Harris County, Texas, Cause No. 174610501010.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence just above the guidelines of 18 months (which includes 105 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.  The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 18 months' imprisonment (which includes 105 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Atwater, California.  The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 4th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE